UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALKISTIS G. MEIMARIS,                    :    ECF
                                         :
               Plaintiff-Claimant,      :    06 CV 7790 (LAP)
                                         :
   -against-                            :
                                         :
ERWIN S. BRAICH, individually and as Trustee  :
of the Peregrine Trust, BRAICH FAMILY    :
HOLDINGS, LLC, TALIA BRAICH, and         :
PEREGRINE TRUST,                         :
                                         :
               Defendants-Respondents.  :
------------------------------------------------------------X

## PLAINTIFF-CLAIMANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR RECONSIDERATION AND TO AMEND JUDGMENT

McCARTER & ENGLISH, LLP
Peter D. Stergios (PS 4929)
Christina M. Schmid (CS 6315)
245 Park Avenue, 27th Floor
New York, NY 10167
Telephone: (212) 609-6800
Facsimile: (212) 609-6921
*Attorneys for Plaintiff-Claimant*
*Alkistis G. Meimaris*

Dated: August 17, 2011

ME1 12130445v.3

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..................................................................................................................................2

      POINT I     THE COURT'S ORDER SHOULD BE RECONSIDERED BECAUSE CONTROLLING DECISIONS AND FACTUAL MATTERS NECESSARILY SHOULD HAVE ALTERED ITS DECISION..................................................................2

      POINT II    THE COURT'S DAMAGES ANALYSIS WAS IMPROPER, AS THE COURT SUA SPONTE APPLIED THE DOCTRINE OF MITIGATION IN THE ABSENCE OF ANY DEFENSES RAISED BY DEFENDANTS.................................2

      POINT III   PLAINTIFF IS ENTITLED TO COSTS AND REASONABLE ATTORNEYS' FEES..................................................................4

CONCLUSION ...............................................................................................................................7

i

## PRELIMINARY STATEMENT

Pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 59(e), Plaintiff-Claimant Alkistis G. Meimaris ("Plaintiff" or "Meimaris") respectfully submits this memorandum in support of her motion for reconsideration of that portion of the Court's August 1, 2011 Order ("the Order") awarding damages and the resulting judgment dated August 3, 2011.

In its Order, this Court held that Defendants breached the Employment Agreement that they had entered with Plaintiff. See Order, at 10. However, in determining the damages flowing from the breach, the Court improperly applied the doctrine of mitigation, thereby reducing the damages to which Plaintiff is entitled. Plaintiff concedes that she was required to mitigate damages upon Defendants' breach of the Agreement and, indeed, Plaintiff can prove her efforts to mitigate. However, under clear New York precedent, the burden of proving a lack of diligent effort to mitigate damages is upon the defendant and evidence of mitigation is not an element of Plaintiff's prima facie case. Here, despite ample opportunity, Defendants failed to appear during the arbitration and failed to raise *any* defense, let alone any defense with respect to mitigation. Accordingly, as Plaintiff was faced with no opposition in this arbitration, she was deprived of the opportunity to offer any proofs on reply.

Further, as part of her damages, Plaintiff requested reimbursement for costs incurred during the Court-ordered proceeding before the American Arbitration Association ("AAA"), including but not limited to approximately $12,000 in administrative and filing fees, and reasonable attorneys' fees. This remedy is not only within the discretion of the Court, acting as arbitrator pursuant to the AAA's Commercial Rules, but it also expressly is authorized by the Employment Agreement at issue. The Court's Order is silent with respect to Plaintiff's request

for this form of relief, and, accordingly, Plaintiff respectfully requests that the Court grant her request for costs and reasonable attorneys' fees.

## ARGUMENT

### POINT I

### THE COURT'S ORDER SHOULD BE RECONSIDERED BECAUSE CONTROLLING DECISIONS AND FACTUAL MATTERS NECESSARILY SHOULD HAVE ALTERED ITS DECISION.

Local Rule 6.3 provides that a party may move for reconsideration or reargument of a court order determining a motion. Federal Rule of Civil Procedure 59(e) likewise provides that a party may move the court to alter or amend a judgment. The decision to grant or deny a motion for reconsideration under Rule 59(e) or Local Rule 6.3 rests within the sound discretion of the district court. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Reconsideration is appropriate in circumstances where the court has overlooked relevant case law or legislative history, which, had it been considered, might have reasonably altered the result before the court. See Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). See also Abrahamson v. Bd. of Educ., 237 F.Supp.2d 507, 510 (S.D.N.Y 2002) (citations omitted); Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). That has happened here.

### POINT II

### THE COURT'S DAMAGES ANALYSIS WAS IMPROPER, AS THE COURT SUA SPONTE APPLIED THE DOCTRINE OF MITIGATION IN THE ABSENCE OF ANY DEFENSES RAISED BY DEFENDANTS.

Under well-settled New York law, a plaintiff is required to mitigate damages upon breach of an employment agreement. See, e.g., Cornell v. T. V. Development Corp., et al., 17 N.Y.2d 69 (1966). However, it is equally well-settled that the defendant has the burden of proving a lack of diligent effort on the part of the plaintiff to mitigate damages. See id.; see also Picinich v. United Parcel Service, et al., 236 Fed. Appx. 663 (2d Cir. 2007) ("Generally, an employer

2

ME1 12130445v.3

seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate."); Howard v. Daly, 61 N. Y. 362; Milage v. Woodward, 186 N. Y. 252, 257-58; McClelland v. Climax Hosiery Mills, 252 N.Y. 347, 358 (Cardozo, Ch. J., concurring); Crabtree v. Elizabeth Arden Sales Corp., 305 N.Y. 48. The plaintiff is entitled to damages that will compensate her for the defendant's breach of contract and the prima facie measure of that damage is the amount that would have been payable during the remainder of the contract term. See Cornell, 17 N.Y.2d at 73.

Here, the Court held that Defendants breached the Employment Agreement. See Order, at 10. Having established Defendants' breach of the Agreement, Plaintiff's prima facie measure of damages is the amount that would have been payable during the remainder of the Agreement's term, i.e., $550,020 in unpaid wages. See Arbitration Submission, at 10-11. In direct contravention of this Court's orders, Defendants failed to appear at any stage of the arbitration proceeding, snubbing their noses at the Court, and thus failed to present any defense to Plaintiff's claims, most notably any defense with respect to Plaintiff's mitigation efforts. In the absence of any such defense, Plaintiff was under no duty to prove her efforts to mitigate as part of her prima facie case. However, had this defense been raised, Plaintiff on reply would have presented evidence of her efforts to mitigate. Moreover, had the Court requested evidence with respect to Plaintiff's efforts to mitigate, Plaintiff promptly would have responded and provided the requested information. See Affidavit of Alkistis G. Meimaris dated August 17, 2011 ("Meimaris Aff."), ¶ 6. Plaintiff was deprived of the opportunity to do so.

Accordingly, Plaintiff submits with this motion an Affidavit setting forth her efforts to mitigate her damages in the wake of Defendants' breach of the Employment Agreement. Because Plaintiff was not afforded the opportunity to submit these facts during the arbitration,

Plaintiff respectfully requests that the Court now consider this Affidavit and reconsider the award of damages in light of the facts asserted therein.

### POINT III

### PLAINTIFF IS ENTITLED TO COSTS AND REASONABLE ATTORNEYS' FEES.

As set forth more fully in Plaintiff's Arbitration Submission, this case has taken a long and circuitous path. Plaintiff commenced this action in the New York Supreme Court, County of New York, on or about August 16, 2006. Throughout the pleading process, Defendants attempted to evade service of process, forcing Plaintiff to employ process servers in Canada and to serve Defendant Erwin Braich at his home in Canada. The case was removed to the Southern District of New York on or about September 28, 2006. By Order dated April 22, 2009, this Court directed that the case be arbitrated in accordance with the commercial rules and under the auspices of the American Arbitration Association ("AAA"), but retained jurisdiction of the matter. Accordingly, on or about November 13, 2009, Plaintiff commenced an arbitration proceeding before the AAA's International Centre for Dispute Resolution ("ICDR") and paid the required filing fee in the amount of $8,000.

In March 2010, Plaintiff paid an additional $2,000 to cover her portion of the ICDR's fees in connection with the preliminary conference that was to be held before the appointed Arbitrator, Alfred G. Feliu. Defendants also were required to pay $2,000 to cover their share of the arbitration fees. However, Defendants failed to pay their portion of the fees and Plaintiff was left with no alternative but to advance Defendants' fees in order to proceed with the preliminary conference.

In July 2010, Plaintiff paid $10,000 to cover her portion of the required fees for the Arbitrator's advance compensation. Defendants were required to pay the same amount for their

4

share of the advance fees, but refused to do so. As a consequence of Defendants' non-payment, Arbitrator Feliu terminated the arbitration on or about September 1, 2010.

As part of her remedy for Defendants' breach of the Employment Agreement, Plaintiff requested that this Court award her costs, including but not limited to approximately $12,000 in administrative and filing fees incurred during the AAA proceeding. Plaintiff also requested that the Court award her reasonable attorneys' fees. Since the inception of this case in 2006, Plaintiff has incurred approximately $200,000 in costs and attorneys' fees. See Meimaris Aff., Exhibit F. Indeed, Plaintiff has incurred approximately $91,000 in attorneys' fees alone since the time that Defendants agreed to arbitrate this matter in New York. The Court's Order was silent with respect to the award of both costs and fees.

Paragraph 15 of the Employment Agreement expressly provides that "the direct expense of any arbitration proceeding shall be borne by Braich." See Affirmation of Christina M. Schmid dated January 31, 2011, Ex. B, ¶ 15. Further, Rule 43(a) of the AAA's Commercial Rules provides that "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties." See AAA Commercial Rule 43(a). Rule 43(c)(ii) further provides that the award of the arbitrator may include "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." See AAA Commercial Rule 43(c)(ii). Here, the Employment Agreement clearly authorizes the award of both costs and fees incurred in connection with the arbitration.

Further, it is within the Court's discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." See Shangold v. The Walt Disney Co., 2006 U.S. Dist. LEXIS 748 (S.D.N.Y. Jan. 12, 2006) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 46

(1991)). Indeed, this Court has held that an award of attorneys' fees and costs is appropriate where, as here, a party has imposed substantial burden on another party to the litigation and has engaged in a pattern of bad faith conduct. See Shangold, 2006 U.S. Dist. LEXIS 748, *15. See also Cerruti 1881 S.A. v. Cerruti, Inc., 169 F.R.D. 573, 584 (S.D.N.Y. 1996) (attorneys' fees and costs appropriate because "defendants' conduct led plaintiffs' counsel on an arduous chase"); Scholastic, Inc. v. Stouffer, 221 F. Supp. 2d 425, 444 (S.D.N.Y. 2002) (award of attorneys' fees and costs "appropriate given the fact that [defendant] has engaged in a pattern of intentional bad faith conduct and failed to correct her fraudulent submissions, even when confronted with evidence undermining the validity of those submissions").

As set forth more fully in Plaintiff's Arbitration Submission, here, Defendants have engaged in obstructionistic, dilatory tactics and have thwarted Plaintiff's efforts at every turn, refusing to participate in the discovery process or the Court-ordered arbitration and failing to comply with any of this Court's orders. See Arbitration Submission, at 1. The result of Defendants' gamesmanship was protracted litigation and increased expenses in connection with the proceedings. Defendants should be sanctioned for their conduct.

As the Court's Order was silent with respect to the award of costs and fees, Plaintiff respectfully submits that the Court overlooked relevant facts that would warrant such relief. Accordingly, Plaintiff requests that the Court reconsider its Order insofar as it failed to address the award of costs and fees.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Alkistis G. Meimaris respectfully requests that the Court reconsider its August 1, 2011 Order as it pertains to the award of damages and direct the Clerk of Court to amend the resulting judgment accordingly.

Dated: New York, New York
       August 17, 2011

                                  McCARTER & ENGLISH, LLP

                              By: /s/ Peter D. Stergios
                                    Peter D. Stergios (PS 4929)
                                    Christina M. Schmid (CS 6315)
                                    245 Park Avenue
                                    New York, New York 10167
                                    (212) 609-6800
                                    *Attorneys for Plaintiff-Claimant*

ME1 12130445v.3